UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOSEPH CHAPO, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:18-cv-00091-RLY-KMB |
| ) | |
| JEFFERSON COUNTY, INDIANA, et al., ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION
FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Currently pending before the Court is Plaintiffs Joseph Chapo, Sherry Chapo, and Deputy Big Shot, LLC's (the "Chapos") Motion for Leave to File a Second Amended Complaint ("Motion for Leave"). [Dkt. 133.] Defendants Jefferson County Indiana, R. Patrick Magrath, Jefferson County Indiana Plan Commission, Warren Auxier, Jeffrey Daghir, Lonnie Mason, Gene Riedel, Jerry Yancy, Dennis Bowyer, Virginia Franks, Laura Boldery, Jefferson County Board of Zoning Appeals, James Griffith, Robert Jacobson, Mike Shelton, Alana Jackson, and Norbert Schaefer (the "Defendants") oppose the Motion. [Dkt. 134.] After reviewing the relevant filings, the undersigned concludes that the Motion for Leave should be denied. Since this is a dispositive action in this case, the undersigned issues this decision as a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons detailed below, the undersigned Magistrate Judge recommends that the District Judge **DENY** Plaintiffs' Motion for Leave to File a Second Amended Complaint. [Dkt. 133.]

**I.   RELEVANT BACKGROUND**

The Chapos filed this suit in May 2018, alleging that Defendants violated the Second Amendment, Fifth Amendment, and Fourteenth Amendment, as well as other federal laws, in using

zoning ordinances to prevent them from operating a gun range. [Dkt. 1.] Several months later, the Court held an Initial Pretrial Conference and entered a Case Management Plan, setting forth multiple deadlines including a deadline for "[a]ll motions for leave to amend the pleadings and/or to join additional parties" of October 23, 2018. [Dkt. 46 at 3.] In May 2019, with the Court's permission, the Chapos filed an Amended Complaint, which is the operative complaint in this case. [Dkt. 73.]

In March 2021, the Court stayed the case, pending the outcome of state court litigation. [Dkt. 111.] That stay was lifted in July 2024. [Dkt. 118.] In the Order lifting the stay, the Court directed Defendants to file any appropriate motion by August 23, 2024, and allowed the Plaintiffs to "file a motion for leave to file a second amended complaint, if appropriate, *with their response to Defendants' motion*." [*Id.* at 2 (emphasis added).] Defendants filed their Motion for Judgment on the Pleadings soon after. [Dkt. 121.] The Chapos filed their response to Defendants' Motion for Judgment on the Pleadings on September 20, 2024. [Dkt. 125.] The Chapos did not file the pending Motion for Leave to Amend until November 26, 2024. [Dkt. 133.] Defendants oppose the Chapos' Motion for Leave to File a Second Amended Complaint. [Dkt. 134.] The Chapos filed a reply brief, [dkt. 135], and the pending motion is now ripe for review.

## II.     APPLICABLE STANDARD

Generally, a motion for leave to amend a pleading is evaluated under Federal Rule of Civil Procedure 15(a)(2). In cases where that subsection of the rule applies, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). However, when a party seeks leave to amend a pleading after the deadline to do so established by the applicable case management plan has passed, a "heightened good-cause standard" from Rule 16(b)(4) applies

2

before the court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014) (citation omitted). The heightened good cause standard articulated in Rule 16(b)(4) primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. *Trustmark Ins. Co. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (citation omitted). The movant bears the burden to establish its diligence under Rule 16(b)(4). *Id*. "The decision to deny leave to file a second amended complaint is within the reasoned discretion of the district court." *Wade v. Wellpoint*, 892 F. Supp. 2d. 1102, 1125 (S.D. Ind. 2012) (internal cites omitted).

### III. DISCUSSION

In their Motion for Leave to File a Second Amended Complaint, the Chapos maintain that their due process and Second Amendment rights have been continually denied since May 2019 when they filed their First Amended Complaint. [Dkt. 133 at 2.] The Chapos argue that under Federal Rule of Civil Procedure 15(a)(2) "justice requires" the Court to allow them to amend their complaint to "protect" these rights and add Mr. R. Jeffrey Lowe, who is an attorney for the Defendants, as a new defendant to this case. [*Id.* at 3.]

Defendants oppose the Chapos' motion. [Dkt. 134.] Defendants argue that the Chapos' claims are futile and that they have not met the "good cause" standard as set forth by Federal Rule of Civil Procedure 16. [*Id.*]

In their reply brief, the Chapos argue that the decision by the Indiana Court of Appeals was erroneous and they continue to argue that they should be allowed to amend their complaint in this court under the standard set forth in Federal Rule of Civil Procedure 15(a)(2). [Dkt. 135.] The Chapos do not address Rule 16 or the heightened good cause standard, except in stating that Defendants' arguments that the Chapos' proposed amended complaint is futile and does not meet

3

the good cause standard is "in direct conflict with the law and the facts as alleged in the [Second] Amended Complaint." [*Id.* at 13.]

The Court must first decide whether Plaintiffs' Motion for Leave to File Second Amended Complaint should be evaluated under Rule 15 or the heightened standard of Rule 16. The stay in this case was lifted in July 2024. [Dkt. 118.] In the Order lifting the stay, the Court directed Defendants to file any appropriate motion by August 23, 2024, and allowed the Plaintiffs to "file a motion for leave to file a second amended complaint, if appropriate, *with their response to Defendants' motion*." [*Id.* at 2 (emphasis added).] Defendants filed their Motion for Judgment on the Pleadings soon after. [Dkt. 121.] The Chapos filed their response to Defendants' Motion for Judgment on the Pleadings on September 20, 2024, [dkt. 125], but did not file the pending Motion for Leave to Amend until November 26, 2024, [dkt. 133]. Because the Chapos did not file their Motion for Leave with their response brief—which was the deadline set by the Court—the heightened good cause standard of Rule 16 applies to the Court's decision whether to allow the Chapos' belated request to amend the pleadings.

The "heightened good cause standard" from Rule 16(b)(4) must be plead and met before the Court considers whether the requirements of Rule 15(a)(2) are satisfied. *Adams*, 742 F.3d at 734. The good cause standard articulated in Rule 16 primarily considers the diligence of the party seeking the amendment to determine whether good cause has been established. The Seventh Circuit Court of Appeals has held that the requisite diligence is not established if delay is shown and the movant provides no reason, or no good reason, for the delay. *See Edmonson v. Desmond*, 551 F. App'x 280, 282 (7th Cir. 2014) ("[Movant] has not offered any reason, let alone a good one, why he waited more than a month after the close of discovery to file his motions to amend.").

4

In their briefing on the pending motion, the Chapos fail to even acknowledge that their request to amend the pleadings was filed more than two months after the deadline set by this Court. They also fail to address the heightened good cause standard that they must meet to amend the pleadings at this late stage under Rule 16. Ignoring the heightened standard—particularly in their reply brief—cannot have been mere oversight since the Defendants' response brief directly set forth the heightened standard of Rule 16 that applies under these circumstances. [Dkt. 134 at 4-5.] By failing to acknowledge the applicable standard, under these circumstances, the undersigned concludes that the Chapos have waived any argument that they could meet the heightened good cause standard as required by Rule 16 to amend their pleadings at this time. *See Draper v. Martin*, 664 F.3d 1110, 1114 (7th Cir. 2011) (noting that it is not the court's "responsibility to research and construct the parties' arguments"); *see also Toliver v. Ind. Online Learning Options, Inc.*, 2023 WL 4405470, at *2 (S.D. Ind. July 7, 2023) (emphasizing that perfunctory or arguments not developed are waived).

It is well-established that the burden of proving diligence falls on the party moving to amend. *Trustmark*, 424 F.3d at 553. Because they have not acknowledged, much less met, the heightened good cause standard required by Rule 16(b)(4), the undersigned need not consider whether the Chapos have met the requirements of Rule 15(a)(2). *See Allen v. Brown Advisory, LLC*, 41 F.4th 843, 852 (7th Cir. 2022) (noting that the court "is entitled to apply Rule 16(b)(4)'s heightened standard before turning to Rule 15(a); failure to satisfy either rule is fatal to the motion to amend"). For these reasons, the undersigned recommends that the District Judge in this case deny the Chapos' Motion for Leave to File Second Amended Complaint. [Dkt. 133.]

5

## IV. CONCLUSION

For the reasons more fully explained herein, the Magistrate Judge recommends that the District Judge **DENY** Plaintiffs' Motion for Leave to File Second Amended Complaint. [Dkt. 133.] Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within 14 days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. **The Parties should not anticipate any extension of this deadline or any other related briefing deadlines.**

Date: 1/24/2025

*Kellie M. Barr*
Kellie M. Barr
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email