UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

| | |
|---|---|
| JOSEPH CHAPO, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 4:18-cv-00091-RLY-KMB |
| ) | |
| JEFFERSON COUNTY, INDIANA, *et al.*, ) | |
| ) | |
| Defendants. ) | |

### ENTRY ADOPTING REPORT AND RECOMMENDATION

On January 24, 2025, the Magistrate Judge issued a Report and Recommendation recommending that Plaintiffs' Motion for Leave to File a Second Amended Complaint be denied. Plaintiffs object to the Magistrate Judge's recommendation. For the reasons set forth below, their objections are **OVERRULED**.

**I.  Background**

In March 2021, the court abstained under *Younger*, dismissing Plaintiffs' claims for equitable relief and staying Plaintiffs' claims for damages pending the outcome of state court litigation. (Filing No. 111). On July 24, 2024, after the state court litigation came to an end, the court lifted the stay of this lawsuit. (Filing No. 118). In its order lifting the stay, the court directed Defendants to file any appropriate motion by August 23, 2024. (*Id.*). The court's order provided as follows: "Plaintiffs may file a motion for leave to file a second amended complaint, if appropriate, with their response to Defendants' motion." (*Id.*).

On August 23, 2024, Defendants filed a motion for judgment on the pleadings. (Filing No. 121). Plaintiffs filed a response in opposition to Defendants' motion on September 20, 2024. (Filing No. 125). Plaintiffs moved for leave to file a second amended complaint on November 26, 2024. (Filing No. 133). The court referred Plaintiffs' motion for leave to amend to the Magistrate Judge.

## II. Standard of Review

A motion to amend a pleading is a nondispositive matter that may be decided by a magistrate judge under 28 U.S.C. § 636(b)(1)(A). *See Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006) (holding that denial of motion for leave to amend complaint that would have added a defendant was not dispositive because it "did not terminate [the] existing lawsuit against Norfolk Southern, it merely prevented [the plaintiff] from adding Conrail as a defendant"). Consequently, "[t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. Rule Civ. P. 72(a).

## III. Discussion

The Magistrate Judge concluded that Plaintiffs failed to establish good cause to amend their complaint. After reviewing the recommendation and the record, the court finds no clear error and concludes that the Magistrate Judge's recommendation is not contrary to law. Not only is the recommendation not clearly erroneous, it is also correct in every sense. Because Plaintiffs moved for leave to amend more than two months past the deadline set by the court in its order lifting the stay, the court is "entitled to apply the heightened good-cause standard of Rule 16(b)(4) before considering whether the

2

requirements of Rule 15(a)(2) were satisfied." *Adams v. City of Indianapolis*, 742 F.3d 720, 734 (7th Cir. 2014). Plaintiffs failed to establish good cause because they did not demonstrate they exercised diligence in seeking leave to amend. *See Trustmark Ins. v. Gen. & Cologne Life Re of Am.*, 424 F.3d 542, 553 (7th Cir. 2005) (explaining that under the good cause standard, courts "primarily consider[] the diligence of the party seeking amendment"). Indeed, Plaintiffs did not argue at all that they had good cause to amend or that they were diligent, even after Defendants raised the standard in their response. *See Edmonson v. Desmond*, 551 F. App'x 280, 282 (7th Cir. 2014) (concluding litigant failed to establish good cause where he did "not offer[] any reason, let alone a good one, why he waited" until after the deadline to file motions to amend). Because the Magistrate Judge's recommendation is not clearly erroneous or contrary to law, the court **ADOPTS** the Report and Recommendation (Filing No. 140).

### IV. Conclusion

For the foregoing reasons, the court **ADOPTS** the Magistrate Judge's Report and Recommendation (Filing No. 140), **OVERRULES** Plaintiffs' Objection (Filing No. 147), and **DENIES** Plaintiffs' Motion for Leave to File a Second Amended Complaint (Filing No. 133).

**SO ORDERED** this 27th day of February 2025.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.